IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDIAN NDUBIZU | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| DREXEL UNIVERSITY, et al. | : | No. 07-3068 |
| Defendants. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                              October   26,   2009

## I.   INTRODUCTION

Presently before the Court is "Plaintiff's Motion to Amend the First Amended Complaint" ("Motion") filed by Plaintiff Gordian Ndubizu on August 1, 2009 (Doc. 60), the timely responses filed by Defendants (Doc. 61) on August 11, 2009, and Plaintiff's reply (Doc. 72). The motion seeks leave to file a second amended complaint adding claims of promissory estoppel and fraud. (Pl. Mot. at 4.) Plaintiff filed his initial complaint on July 7, 2007 (Doc. 1) and his first amended complaint on December 28, 2007 (Doc. 8). Defendants assert that the proposed amendment should not be permitted in that it is unduly delayed, prejudicial, and legally futile. (Def. Mem. Op. Mot. Am., at 5-17 (Doc. 66, Ex. 2.) For the reasons set out below, we will grant Plaintiff's Motion.[1]

---

[1] By the Honorable Judge Anita Brody's June 11, 2009 Order (Civ. No. 07-3068, Doc. 57), this case was referred to the undersigned "for resolution of all non-dispositive pretrial matters, pursuant to Local Rule 72.1 and 28 U.S.C. § 636," and "pursuant to the agreement of the parties, all Orders issued [as a result of this referral shall] . . . have the effect of Orders issued directly by the [District] Court."

**II.    DISCUSSION**

A court reviewing a motion for leave to amend a pleading is to "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).   The Supreme Court has held

> [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Among these concerns, and as we believe to be proper here, our initial inquiry will focus upon prejudice.  Indeed, the Third Circuit has repeatedly articulated that prejudice to the non-moving party is the "touchstone for the denial of an amendment." *Cornell & Co., v. Occupational Safety and Health Review Comm.*, 573 F.2d 820, 823 (3d Cir. 1978).

Prejudice involves a serious impairment of the defendants' ability to present their case. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2005).  It must be real and not perceived. Additional expense or effort, or the need to alter trial tactics, will not normally require the denial of a motion for leave to amend. *See Hairston-Lash v. R.J.E. Telecom, Inc.*, Civ. No. 00-CV-2070, 2000 WL 161 8473 at *2 (E.D. Pa. Oct. 30, 2000) ("Prejudice does not result merely from a party having to incur additional counsel fees; nor does it result from a delay in the movement of the case.").

If an amendment would not be substantially or unduly prejudicial, it should be allowed under Rule 15(a) unless "'denial [can] be grounded in "bad faith or dilatory motive, *truly undue or unexplained delay*, repeated failures to cure deficiency by amendments previously allowed or *futility of amendments*." *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652-53 (3d. Cir. 1989) (second emphasis added)); *see also Long*

*v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (reaffirming the above proposition by direct quote). The question of undue delay, however, cannot be considered in a vacuum. Indeed, as the Third Circuit has stated, the delay question must be treated "as it relates to the larger issue of prejudice, and it is not the case that [the party seeking amendment] 'must supply a compelling reasons for the delay even if there is no prejudice.' Such a Rule, if adopted, would certainly run counter to the well-established Rule that amendments should be liberally allowed." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). In evaluating whether a delay is undue, a district court must consider the moving party's motivation for the amendment and how far along the litigation has progressed. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

Defendant correctly points out that this current motion is filed more than two years after the commencement of this litigation. *See* Pl. Compl. (Doc. 1) (reflecting filing date of July 7, 2007); Pl. Mot. to Am. First Am. Compl., at 3-6 (Doc. 60) (reflecting filing date of August 1, 2009). Plaintiff seeks to explain this delay by asserting that certain evidence came to light during discovery which established the presence of facts and circumstances justifying the newly asserted claims of promissory estoppel and fraud. Plaintiff largely focuses upon an email authored by Defendant Tsetsekos, Dean of Drexel University's LeBow School of Business, "buried in almost 90,000 pages of documents" produced by Defendants in May of 2008, which he interprets as having significant evidentiary value. *See* Pl. Mot. Am. First Am. Compl., at 12. Drexel vigorously denies that the e-mail could in any sensible way bolster a promissory estoppel or fraud claim, and asserts that the proposed new claims are unduly delayed and that it would be prejudicial to permit them to go forward.

The passage of time, in and of itself, does not constitute undue delay or prejudice. *See*

*Lorenz v. CSX Corp.* 1 F.3d 1406, 1414 (3d Cir. 1993). While we accept that Plaintiff's newly asserted claims are delayed, we must consider this delay against the backdrop of prejudice to Drexel. Prejudice may be found where there is a serious impairment to the defendant's ability to present its case. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2005) (describing prejudice as an amendment that will "unfairly disadvantage[] or deprive[ defendant] of an opportunity to present facts or evidence which it would have offered had the . . . amendment[] been timely."); *Deakyne v. Comm. of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969) (defining prejudice as "undue difficulty in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party."). In evaluating prejudice, the Third Circuit directs the district court to consider, among other factors, whether the assertion of the new claim would require the opposing party to "expend significant additional resources" or "significantly delay" the resolution of the dispute. *Long*, 739 F.3d at 400.

We recognize that Plaintiff's additional claims may well place some added expense and burden on the Defendants and may necessitate an adjustment in litigation strategy. *See* Def. Br. at 11. However, these claims are predicated upon substantially the same factual basis as those in his initial complaint. We do not see that Defendant will be required to expend significant additional resources to present a defense. Additionally, while the Defendants' "litigation tactics and strategies" may be affected by this amendment, *see* Def. Br. at 12, we do not consider their position to be so altered that they will be "unfairly disadvantaged or deprived of an opportunity to present facts or evidence." *Arthur*, 434 F.3d at 206. Discovery is ongoing, and an opportunity remains for Defendants to develop the facts necessary to pursue alternative legal strategies without significantly

4

delaying resolution of this dispute.[2] *See Formosa Plastics Corp., U.S.A. v. Acme American Ins. Co.*, Civ. No. 06-5055, 2009 WL 2517071 at *3 (E.D. Pa. Aug. 14, 2009) (finding no prejudice where plaintiff's amendment would not likely result in the need for a significant number of additional depositions, "most documents relevant to forming their defense [were] already in [defendant's] possession," and "the proposed amendment [would] not significantly delay resolution of the action, as fact discovery [was] still ongoing.")

Absent any substantial prejudice to Defendant, we are unable to conclude that the Plaintiff's delay in asserting his amendment is to such an extent that denial of his Motion is warranted. While a motion for leave to amend may be considered unreasonable if the movant's newly asserted claims rest upon facts that were readily available when the original or amended complaint was filed, *see Lorenz v. CSX Corp.* 1 F.3d 1406, 1414 (3d Cir. 1993), a district court must also consider the plaintiff's reasons for not seeking to amend earlier, *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), and how far the litigation has progressed when their motion was filed. *See id.* ("Since amendment of a complaint is not unusual at the summary judgment stage of the case, we would not characterize plaintiff's failure to amend their complaint earlier as 'undue delay.'") (internal citations omitted); *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (determining that, in considering whether there has been undue delay, courts should balance the reasons for the plaintiff's failure to amend earlier against the burden on the court).

We do not consider, and Defendants do not assert, that Plaintiff's failure to amend earlier is

---

[2] In an unrecorded telephone conference held on October 9, 2009, the Parties discussed the need for Court assistance in moving the deposition schedule along. It was determined that discovery would necessarily be extended to as late as December 31, 2009. *See* Order that follows.


based on an improper motive. The information which he considers to form the basis of his proposed amendment was uncovered during the course of discovery, and after both his initial and first amended complaint were filed. *See* Def. Mem. Op. Mot. Am., at 7 n.1. Plaintiff could have perhaps been more diligent in reviewing the documents he received earlier in discovery to determine if additional claims were available, but his motion for leave is made while the litigation is still in the discovery stage and before the filing of any dispositive motions. In such circumstances, courts are generally unwilling to find undue delay. *See e.g.*, *Adams*, 739 F.2d at 868 (3d Cir. 1984); *Genarie v. PRD Management, Inc.*, Civ. No. 04-2082, 2006 WL 208570 at *2 (D. N.J. Jan. 25, 2006) (relying on *Adams'* assertion that the summary judgment stage provides guidance as to whether an amendment is unduly delayed). *Cf. Cureton v. National Collegiate Athletic Assn'*, Civ. No. 97-131, 2000 WL 388722 at *3 (E.D. Pa. Apr. 14, 2000) (finding amendment after summary judgment to undermine judicial efficiency and finality.)

      The final point raised by Defendants is futility. (Def. Mem. Op. Mot. Am., at 13-17.) In determining whether an amendment would be futile, a court must apply the same standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). All allegations in the proposed amendments must be accepted as true "as well as any reasonable inferences drawn from them." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). However, "[t]his does not require the parties to engage in the equivalent of substantive motion practice upon the new proposed claim or defense[.]" *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-69 (D. N.J. 1990). The court must only determine whether the newly asserted claims "appear to be sufficiently well grounded in fact or law that it is not a frivolous pursuit." *Id.*

We are convinced that Plaintiff provides a sufficient basis at this stage, for his promissory estoppel and fraud claims to survive a futility challenge. Plaintiff asserts, with his promissory estoppel claim, that he decided not to pursue employment at another university in reliance on Drexel's promise to provide him a chaired professorship. (Pl. Second Am. Compl. ¶ 85.) Plaintiff's employment contract with Drexel, while obligating "Plaintiff to teach, research, write and publish" (Def. Mem. Op. Mot. Am. at 16), does not obligate Drexel to provide him a more prestigious professorship or prevent him from pursuing a professorship at another university. Thus, his promissory estoppel claim is legally sufficient to the extent that it is not based upon rights or obligations that extend from his contract with Drexel. *Cf. Constar, Inc. v. National Distribution Centers, Inc.* 101 F. Supp. 2d 319, 323 (E.D. Pa. 2000) (stating promissory estoppel claim may not be based on contractual rights or obligations).

Additionally, we do not view Plaintiff's fraud claim as merely another way of stating a breach of contract claim, nor does it turn upon the validity of his employment contract with Drexel. He alleges that Drexel knowingly and intentionally misrepresented that he would be provided a chaired professorship in the future. (Pl. Second Amended Complaint ¶ ¶ 90, 91). Thus, in that his allegation of fraud is based upon the promise of a future contract, not an extension of his current contract, we do not consider that the "gist of the action" doctrine precludes his claim. *See Bohler-Uddeholm Am., Inc. v. Ellwood Group Inc.*, 247 F.3d 79, 104 (3d Cir. 2001) (interpreting Pennsylvania law and stating gist of the action doctrine stands for the proposition that when the parties' obligations are defined by the terms of a contract and not the larger social policies embodied in tort law, contract law should govern).

Plaintiff's motion is **GRANTED**.

An appropriate Order follows.

<div style="text-align:right">

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

</div>