# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| GORDIAN NDUBIZU, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 07-3068 |
| DREXEL UNIVERSITY, et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this \_\_\_\_9TH\_\_\_\_ day of March, 2011, upon consideration of counsel's arguments on the record on March 7, 2011, and of Defendants' memorandum of law, it is **ORDERED** that Defendants' Motion in Limine to Exclude Evidence Relating to the Appointment of Dr. Syropoulos to an Endowed Professorship in Economics and to Exclude Evidence of the Hiring and/or Treatment of Individuals of Greek or Greek-American Heritage (*see* Doc. 122) is **GRANTED** in part and **DENIED** in part.

The motion is **GRANTED** and Plaintiff is precluded from presenting evidence to the jury for his stated purpose of showing that Defendants treat Greeks favorably.[1]  I find this to not be a proper purpose because Plaintiff has not persuaded me of its relevance.

Plaintiff argues that the relevance of Defendants' recruiting of Greek professors is self-evident because this is a Title VII case;[2] I disagree.  Plaintiff does not identify a nexus between

---

[1] As stated on the record on March 7, 2011, the specific exhibits for which Plaintiff offers this proof are Plaintiff's Exhibits 27, 28, 62, and 106-109.

[2] At the March 7, 2011 conference, Plaintiff claimed that if he were Greek, he would be an endowed chair.  Plaintiff failed to identify, however, the logical steps in how such a

its proffered evidence and Defendants' motives for the specific adverse employment actions that Plaintiff was allegedly subjected to—i.e., Defendants' decision not to appoint Plaintiff to the KPMG or Clarkson chairs.[3]  Thus, Defendants' alleged pro-Greek attitudes are not relevant to this plaintiff's discrimination claims and the evidence offered for this purpose is barred by Federal Rule of Evidence 402.

The motion is **DENIED** without prejudice insofar as it seeks to preclude all evidence relating to the appointment of Dr. Syropoulos to an endowed chair.  If Plaintiff seeks to introduce evidence regarding this appointment for some other purpose,[4] and to which Defendants object, I will consider that evidence's admissibility at that time.

s/Anita B. Brody

_____
Anita B. Brody,      J.

COPIES VIA ECF ON        TO:        COPIES MAILED ON     TO:

---

conclusion can be reasonably be inferred from his evidence.

[3] The evidence sheds no light on how Defendants treat African Americans or Nigerians. Evidence of an encouraging attitude towards Greeks does not itself demonstrate discrimination against all other nationalities or Nigerians in particular.

[4] Plaintiff's counsel may have suggested on the record on March 7, 2011 that Dr. Syropoulos was not judged by the same criteria at Plaintiff.  Plaintiff will be allowed the opportunity to present evidence to rebut Defendants' nondiscriminatory reasons for not appointing him, including that Mr. Ndubizu was not qualified to be an endowed chair.  If Plaintiff seeks to cast doubt on these nondiscriminatory reasons in part by demonstrating that Defendants appointed endowed chairs who lacked the stated qualifications for the position, then he could seek to do so regardless of that appointee's national origin.